Filed 1/24/25  P. v. Lofthaug CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>STEPHEN LOFTHAUG,<br><br>    Defendant and Appellant. | 2d Crim. No. B334139<br>(Super. Ct. No. NA095476-01)<br>(Los Angeles County) |

Stephen Lofthaug appeals from a Penal Code section 1172.75[1] resentencing.  He claims:  (1) the trial court abused its discretion in declining to strike a section 667, subdivision (a)(1) (§ 667(a)(1)) enhancement; (2) appellant's counsel was ineffective for failing to object to the trial court's ruling on that enhancement; and (3) error in the calculation of his credits.  We will reject appellant's resentencing claims but remand for recalculation of his credits.

---

[1] Undesignated statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 21, 2013, appellant pleaded guilty to continuous sexual abuse of a child (§ 288.5, subd. (a)).  Appellant admitted a strike prior (§ 1170.12, subds. (a)-(d)), a serious felony prior (§ 667(a)(1)), and a prison prior (§ 667.5, subd. (b) (§ 667.5(b)).  Pursuant to the parties' plea agreement, the trial court sentenced appellant to 38 years in prison:  the upper term of 16 years on the continuous sexual abuse count, doubled to 32 years due to the strike prior, plus five years for the serious felony prior and one year for the prison prior.

In December 2022, following identification by the California Department of Corrections and Rehabilitation (CDCR), the court determined appellant might be entitled to resentencing under section 1172.75.  After receiving briefing from appellant's counsel, the court held a resentencing hearing.

At the September 19, 2023 hearing, the court incorrectly stated that appellant's original sentence included three section 667.5(b) prison priors.  Thus, the court miscalculated appellant's sentence as 40 years.  Appellant's counsel said she "came up with 39," one year closer to the actual term of 38 years.

The court replied:  "Okay.  Well, math is not my strong suit. But in any case, the legislators have since abrogated the prior prison enhancement under California rules, three prison priors under 667.5(b) are stricken.  The defendant wants to re-structure the sentence, which is not part of the plea agreement, for a mid-term sentence with all the enhancements.  The court declines." The court found "no justification to strike that nickel enhancement under Penal Code section 667(a)(1)."

The court "continue[d] to honor the plea agreement and [struck] one of the two prior strikes so that the plea agreement [would] remain in effect."  The court sentenced appellant to 37

2

years in prison: 16 years on the continuous sexual abuse count, doubled to 32 years pursuant to the strike prior, plus five years on the serious felony prior.

At the end of the hearing, appellant's counsel asked the court: "I may have missed it, did you strike the one year?" The court responded: "I struck them, all the 667.5s."

DISCUSSION

*Section 1172.75 Resentencing*

Appellant contends the trial court abused its discretion in declining to strike the section 667(a)(1) serious felony prior. We disagree.

When, "'as here, a discretionary power is statutorily vested in the trial court, its exercise of that discretion "must not be disturbed on appeal *except* on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice."'" (*People v. Jefferson* (2016) 1 Cal.App.5th 235, 242-243.)

Appellant asserts the court might have struck the section 667(a)(1) enhancement had it realized only one section 667.5(b) prison prior had been imposed—not three such priors. The record contradicts this assertion. The court's comments evince a clear intent to simply strike any legally invalid section 667.5(b) priors and leave intact the remaining sentence. There is no indication that the number of section 667.5(b) priors impacted the court's resentencing decision. The court plainly sought to adhere to the original plea agreement, which included the section 667(a)(1) serious felony prior. Appellant has not shown this sensible approach constituted an abuse of discretion.

Appellant claims the court's "lack of citation" to the section 1385, subdivision (c) factors "indicates that the trial court failed to exercise its discretion and misunderstood the law . . . ."

3

However, "'[a] judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Moreover, section 1385 requires a statement of reasons only when dismissing an enhancement—not when declining to strike one. (§ 1385, subd. (a).) "[W]here a statement of reasons is not required and the record is silent, a reviewing court will presume the trial court had a proper basis for a particular finding or order." (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114.) Appellant's speculation regarding the trial court's silence does not overcome the operative presumptions.

Appellant argues the section 667(a)(1) enhancement must be stricken because "[s]ection 1385, subdivision (c)[(2)](B) creates a rebuttable presumption for dismissal unless the court finds that it would endanger public safety," and the court did not explicitly make that finding. Our Supreme Court, however, recently held that section 1385 does not create "a rebuttable presumption in favor of dismissing an enhancement that can only be overcome by a finding that dismissal endangers public safety." (*People v. Walker* (2024) 16 Cal.5th 1024, 1034.)

Finally, appellant has not shown his counsel was ineffective for failing to object to the trial court's decision not to strike the section 667(a)(1) enhancement. To establish ineffective assistance of counsel, "a defendant must demonstrate that counsel performed deficiently under an objective standard of professional reasonableness and thereby caused prejudice under a test of reasonable probability of an effect on the outcome." (*People v. Alvarez* (1996) 14 Cal.4th 155, 239.) We indulge a "'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . .'" (*People v. Earp*

(1999) 20 Cal.4th 826, 896.) "A defendant must prove prejudice that is a "'demonstrable reality,' not simply speculation.'" (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1241.)

Moreover, "[o]n direct appeal, if the record "'sheds no light on why counsel acted or failed to act in the manner challenged,'" we must reject the claim "'unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation.'"" (*People v. Caro* (2019) 7 Cal.5th 463, 488.)

Here, the record does not expressly reveal why counsel did not object to the enhancement's imposition. A satisfactory explanation exists. Counsel may have believed that, rather than asking to dismiss the enhancement, the best course was to seek reduction from the upper to the middle term on the underlying charge, which would have resulted in an even lower sentence. Such an approach falls well within the wide range of reasonable professional assistance. Regardless, given that the court[2] expressed a clear intent to adhere to the original plea agreement after striking any invalid section 667.5(b) enhancements, appellant cannot demonstrate prejudice.

### Credits

Appellant contends he is entitled to 3,803 days of actual credit, rather than the 3,799 the court awarded. Appellant also claims the court erred by recalculating his conduct credits to include his post-sentencing confinement. We will remand for the trial court to recalculate appellant's credits.

When a court modifies "a felony sentence during the term of imprisonment, the trial court must calculate the *actual time* the defendant has already served and credit that time against the

---

[2] The same judge presided over the plea, the original sentencing and the resentencing hearings.

'subsequent sentence.'" (*People v. Buckhalter* (2001) 26 Cal.4th 20, 23.)  In such situations, however, the trial court must not calculate post-sentence *conduct* credits, which are instead the province of the California Department of Corrections and Rehabilitation.  (*People v. Dean* (2024) 99 Cal.App.5th 391, 397.)

Here, the record indicates appellant was arrested on either April 22, 2013 or April 23, 2013.  Based on these dates, appellant would be entitled to either 3,802 or 3,803 days of actual credit.  However, the court awarded only 3,799 days of actual credit.  Due to the conflicting evidence of appellant's arrest date, we will remand for the trial court to determine and award the correct number of actual and conduct credits.  On remand, the court should not update appellant's conduct credits to include confinement after his November 21, 2013 sentencing.  Instead, the court should award conduct credits based only on appellant's presentence custody.  For example, assuming an April 22, 2013 arrest date, the court would award 3,803 days of actual credit and 32 days of conduct credit.

DISPOSITION

The matter is remanded for recalculation of appellant's credits.  The judgment is otherwise affirmed.

NOT TO BE PUBLISHED.

CODY, J.

We concur:

GILBERT, P.J.            BALTODANO, J.

6

Tomson T. Ong, Judge
Superior Court County of Los Angeles

_____

Richard D. Miggins, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven E. Mercer, Deputy Attorney General, and Noah P. Hill, Supervising Deputy Attorney General, for Plaintiff and Respondent.